In the Matter of the STATE OF NEW YORK et al., Petitioners, v ABALENE PEST CONTROL SERVICE, INC., et al., Respondents.

Supreme Court, Dutchess County, January 25, 1989

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General (Martha McCabe* of coun-

sel), for State of New York, petitioner. *Oliver & Oliver (Lewis B. Oliver, Jr.,* of counsel), for Town of Moreau and others, petitioners. *Gellert & Cutler* for Abalene Pest Control Service, Inc., respondent. *Miller, Mannix & Pratt, P. C.,* for Walter T. Blank, respondent.

### OPINION OF THE COURT

RALPH A. BEISNER, J.

■ By petition, brought on by order to show cause, the petitioners sought an order pursuant to Business Corporation Law § 1008 with respect to the dissolution to the respondent corporation. By order dated September 22, 1988, this court granted the petition on default. Apparently, both respondents served a timely answer to the petition but these answers were not filed with the court. This petition had originally been assigned to another Judge, who recused herself, and there was some confusion as to whether the respondents' answers should be filed with that court or with the court to which the petition was to be assigned. In light of the strong policy favoring the adjudication of controversies on the merits and the circumstances under which the default and filing respondents' answers occurred, the court grants respondents' motion and the default is vacated. *(See, Mulder v Rockland Armor & Metal Corp.,* 140 AD2d 315, 316.)

This is a special proceeding pursuant to Business Corporation Law § 1008 and is governed by CPLR article 4. CPLR 409 (b) provides that "[t]he court shall make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised." Since the court now has the benefit of the respondents' answers to the petition it can be addressed on the merits.

The petition seeks an order directing that respondents provide petitioners with an accounting of the distribution of corporate assets from the date of the corporate decision to dissolve, including an accounting by respondent Blank of those assets he received as a result of corporate dissolution; enjoining respondents from taking any action with respect to the remaining corporate assets received by respondent Blank as a result of the dissolution without prior court approval; and directing that remaining assets received by respondent Blank be set aside in escrow for petitioners' benefit.

Petitioners have commenced separate actions in Federal court seeking damages arising from respondent Abalene's

alleged discharge of hazardous chemicals at a site in the Town of Moreau which resulted in the contamination of the Moreau aquifer, private drinking water and streams, ground water, soil and air. The petitioner alleges that at least as early as March 1987, seven months before the petition for voluntary dissolution was filed in November 1987, respondents were aware of petitioners' claims and nonetheless proceeded with the dissolution.

The answer of respondent Blank alleges that Abalene was dissolved according to a plan of dissolution formally adopted on November 28, 1986 prior to the discovery of contamination at the Moreau site. The assets were used to pay creditors and the balance was distributed to respondent Blank as sole shareholder, and these assets have been segregated. The answer of respondent Abalene adopts the answer of respondent Blank.

The affidavit of respondent Blank in opposition to petitioners' cross motion repeats these allegations and argues that the de facto liquidation and dissolution was completed before December 31, 1986, and the filing of the certificate of dissolution in November 1987, after knowledge of the contamination, was a mere ministerial act. According to respondent, the assets were distributed in December 1986 so there is no violation of Business Corporation Law § 719 (a) (3) or § 1007.

By letter dated November 15, 1988, the petitioner State of New York advised this court that it will request the County Court, before whom a related criminal prosecution is pending, to release certain information to this court for in camera review in support of its cross motion. The court declines this offer, since the matter can be determined on the submissions now before it.

■ Since a corporation is a creature of statute, its dissolution is governed by Business Corporation Law article 10. Pursuant to Business Corporation Law §§ 1003 and 1004, a corporation is not dissolved until the certificate of dissolution is filed. While Business Corporation Law § 1001 permits the shareholders to authorize dissolution, it is not accomplished until the certificate is filed. Business Corporation Law § 1005 contemplates that the liquidation of the corporation occurs after dissolution. Business Corporation Law § 1008 empowers a court on petition of, *inter alia,* a claimant or creditor to supervise the liquidation.

The respondents' claim that by divesting the corporation of

its assets in December 1986, there is effectively nothing left for this court to supervise must be rejected, particularly since the assets of the corporation were distributed to the respondent Blank, its sole shareholder. Under these circumstances the public interest requires that the court exercise its equitable powers to supervise dissolution by granting the petition insofar as it seeks to require that respondents provide petitioners with an accounting of the assets and proceeds of the assets of the respondent Abalene which were collected, sold, disposed or distributed from November 22 to the present and an accounting of all remaining corporate assets and where they are located and for whose benefit; requiring respondent Blank to provide an accounting of the assets he received as a result of the corporate dissolution and a statement as to where they are located; enjoining the respondents from selling or transferring any remaining corporate assets or proceeds thereof or assets distributed to respondent Blank or proceeds thereof except by permission of the court and directing that any assets or proceeds be held in escrow for the payment of petitioners' claims. The petitioners have withdrawn that portion of the petition which sought a determination of claims by this court. The court notes that the answer of respondent Blank states at paragraph 3 that the assets have been segregated.

In light of this disposition, the cross motion of petitioners for an order enforcing this court's September 22, 1988 order is denied as moot.